## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE D. WEATHERLY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-12-157-KEW |

### OPINION AND ORDER

Plaintiff Joe D. Weatherly (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 4, 1957 and was 53 years old at the time of the ALJ's decision. Claimant completed his education through the seventh grade. Claimant worked in the past as a forklift operator and a lubrication technician. Claimant alleges an inability to work beginning April 30, 2008 due to limitations resulting from chronic obstructive pulmonary disease ("COPD"),

anxiety, depression, problems with finishing tasks, paranoia, and problems being around people.

## Procedural History

On November 9, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On December 16, 2010, an administrative hearing was held before ALJ Osly F. Deramus in McAlester, Oklahoma. On February 15, 2011, the ALJ issued an unfavorable decision. On March 1, 2012, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly consider the opinion of a state agency physician; and (2)

ignoring probative medical evidence which contradicted the ALJ's findings. Claimant also contends the Appeals Council erred in failing to properly weigh the opinion of Dr. Farrara.

**Consideration of State Agency Physician's Opinion**

In his decision, the ALJ found Claimant suffered from the severe impairments of COPD, depression NOS, anxiety, and alcohol dependence. (Tr. 16). He concluded Claimant retained the RFC to perform a light work except he must avoid concentrated exposure to dust, fumes, and gasses. Additionally, due to psychologically based factors, Claimant has some limitations but is able to perform simple and some complex tasks, can relate to others on a superficial work basis but cannot work around the general public, and can adapt to a work situation. (Tr. 18). After consultation with a vocational expert, the ALJ determined Claimant was able to perform the representative job of price marker, but he reduced the available jobs by 50% due to Claimant's limitations as the job was performed in a storeroom, warehouse, and on the sales floor. (Tr. 23).

Claimant contends the ALJ failed to consider the environmental functioning limitations found by Dr. Kenneth Wainner, a state agency consultative examiner. On April 21, 2010, Dr. Wainner completed a Physical RFC Assessment form on Claimant. Dr. Wainner concluded Claimant could occasionally lift/carry up to 20 pounds, frequently

lift/carry up to 10 pounds, stand/walk about 6 hours in an 8 hour workday, sit about 6 hours in an 8 hour workday, and engage in unlimited pushing and pulling. (Tr. 267). He found no postural, manipulative, or visual limitations. (Tr. 268-69). Dr. Wainner found Claimant should "avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, etc." (Tr. 270).

The ALJ determined that the state agency physicians' RFC, including presumably the opinion of Dr. Wainner, also supported a finding of "not disabled." (Tr. 21). Because these physicians did not examine Claimant, the ALJ did not afford their opinions as much weight as those of examining or treating physicians, "those opinions do deserve some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions . . . ." (Tr. 22). Further, as noted, the ALJ's RFC restricted Claimant to avoiding "concentrated exposure to dust, fumes, and gasses." (Tr. 18).

While the ALJ gave Dr. Wainner's opinions weight, he did not follow or discuss the basis for adopting his less restrictive RFC limitation on exposure to dust, fumes, and gasses rather than Dr. Wainner's more restrictive opinion. The ALJ is required to evaluate every medical opinion appearing in the record. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). If the ALJ decides to reject an opinion, he must provide specific, legitimate reasons for doing

6

so. Id. Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Id. The ALJ's adoption of a less restrictive environmental limitation than that contained in Dr. Wainner's opinion without explanation requires reversal.

Additionally, the ALJ's inclusion of the less restrictive limitation in his questioning of the vocational expert rendered the expert's testimony unreliable for reaching the ALJ's step five findings. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. Since the ALJ's questioning did not include all of Claimant's limitations,

7

the ALJ could not rely upon the vocational expert's testimony. On remand, the ALJ shall include all of Claimant's limitations in the RFC and hypothetical questioning of the vocational expert.

**Omitted Probative Medical Evidence**

Claimant contends the ALJ's failure to discuss his low GAF scores constituted error. In an examination from June 2, 2010, Claimant was found to have a GAF of 42. (Tr. 318). On June 21, 2010, Claimant's GAF was estimated at 50. (Tr. 312).

A low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. However, a GAF of 50 or

8

less does suggest an inability to keep a job. Id. citing Oslin v. Barnhart, 2003 WL 21666675, 3 (10th Cir. (Okla.)).

An ALJ is required to consider all relevant evidence in the record. Soc. Sec. R. 06-03p. He is not, however, required to discuss every piece of evidence in the record. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). A GAF score may be of considerable help to the ALJ in formulating the RFC but it is not essential to the RFC's accuracy and "taken alone does not establish an impairment serious enough to preclude an ability to work." Holcomb v. Astrue, 2010 WL 2881530, 2 (Okla.)(unpublished opinion) citing Howard v. Comm. of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002). While this Court would not reverse the ALJ's decision based solely upon the failure to consider Claimant's low GAF scores, the ALJ should take the opportunity on remand to re-evaluate his failure to consider these scores in his assessment of Claimant's mental health status.

### Consideration of Dr. Farrara's Opinion

Claimant contends the Appeals Council improperly failed to consider the opinion of Dr. Farrara which was submitted after the ALJ authored his decision. On August 24, 2011, Dr. Theresa Farrara completed a Mental RFC Questionnaire. Dr. Farrara diagnosed Claimant with major depression, recurrent, severe without psychotic

features, panic disorder with agoraphobia. She estimated Claimant's GAF at 42. Her clinical findings found severe depression, anxiety, panic attacks, difficulty breathing, psychomotor retardation, and problems with attention and concentration. Claimant's prognosis was described as "chronic mental illness." (Tr. 340).

Dr. Farrara found Claimant had "[n]o useful ability to function" in the work-related activities of maintaining regular attendance and being punctual within customary, usually strict tolerances; sustaining an ordinary routine without special supervision; working in coordination with or proximity to others without being unduly distracted; completing a normal workday and workweek without interruptions from psychologically based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; dealing with normal work stress; dealing with stress of semiskilled and skilled work; traveling in unfamiliar places; and using public transportation. (Tr. 342). The form Dr. Farrara utilized defined "no useful ability to function" as "an extreme limitation, means your patient cannot perform this activity in a regular work setting." Id.

Dr. Farrara also found Claimant was "[u]nable to meet competitive standards" in the areas of maintaining attention for two hour segments; accepting instructions and responding appropriately

to criticism from supervisors; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; responding appropriately to changes in a routine work setting; understanding and remembering detailed instructions; carrying out detailed instructions; and interacting appropriately with the general public. Id. The form defines "[u]nable to meet competitive standards" as "your patient cannot satisfactorily perform this activity independently, appropriately, effectively, and on a sustained basis in a regular work setting." Id.

Dr. Farrara also made several narrative comments on Claimant's mental condition. She stated Claimant was "so depressed & anxious he is unable to be around people & cannot maintain a normal work schedule." Id. She also found Claimant was "[v]ery sensitive to stress & cannot cope" and "[v]ery anxious around people." Dr. Farrara also stated Claimant's mental condition exacerbated her physical pain in that panic made her COPD worse and visa versa. (Tr. 343). Dr. Farrara estimated Claimant's condition would make her be absent from work more than four days per month and that her impairments were consistent with her symptoms and functional limitations. (Tr. 344).

The Appeals Council accepted the report as an exhibit, included it in the record, and stated that it considered "the additional evidence" but found no basis to change the ALJ's decision. (Tr. 1-

2). No basis is provided for the rejection of the opinion contained in the report. On remand, the ALJ shall consider the report of Dr. Farrara and account for any effect this opinion has upon Claimant's RFC and functional limitations.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 19th day of September, 2013.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma